**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

MAY 27 2026

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIO JOSE QUANT-ZEPEDA;
JENNIFER IVETH JIMENEZ-VALDIVIA;
JAKE STANLEY QUANT-JIMENEZ,

Petitioners,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No. 25-691

Agency Nos.
A240-182-106
A240-182-107
A240-182-108

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 22, 2026[**]
Pasadena, California

Before: LEE, BUMATAY, and SUNG, Circuit Judges.

Mario Jose Quant-Zepeda, his wife, and their minor son—all natives and

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.


[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

citizens of Nicaragua—seek review of the Board of Immigration Appeals's (BIA's) decision affirming an Immigration Judge's (IJ's) denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). [1] We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D), and we deny the petition.

We review the agency's factual findings for substantial evidence. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). These findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (emphasis omitted) (citation omitted). We review de novo questions of law. *Id.*

1. Asylum claim: "To be eligible for asylum, a petitioner has the burden to demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)).

Substantial evidence supports the agency's conclusion that Petitioners failed to establish past persecution. Before the IJ, Quant-Zepeda testified that he had been

[1] Quant-Zepeda listed as derivatives on his asylum application both Jimenez-Valdivia and their minor son. Jimenez-Valdivia and her son each also filed separate applications for withholding of removal and CAT protection. Because the three applications contain the same operative facts, we refer to them collectively.

employed as a public schoolteacher in Nicaragua when the government placed conditions with which he did not agree on his employment. These included acts of loyalty to the Ortega administration, such as salary contributions and monitoring students and their families for behavior deemed "anti-government." Quant-Zepeda also testified that he was able to resign without incident and soon found work in the private sector.

The agency reasonably concluded that the mistreatment Quant-Zepeda suffered in the workplace did not rise to the severity of persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (persecution is an "extreme concept that does not include every sort of treatment our society regards as offensive") (internal quotation marks omitted); *Sharma*, 9 F.4th at 1062 (economic harm amounts to persecution in only those cases where harm threatens life or freedom). Accordingly, substantial evidence supports the agency's finding that Petitioners failed to show past persecution.

Substantial evidence also supports the agency's conclusion that Petitioners failed to establish a well-founded fear of future persecution. A petitioner must offer credible, direct, and specific evidence that he faces an individualized threat of persecution, or that there is a "pattern or practice" of persecution of similarly situated individuals. *See* 8 C.F.R. § 1208.13(b)(2)(iii); *Sarkar v. Garland*, 39 F.4th 611, 622-23 (9th Cir. 2022) (citation omitted). Petitioners testified that after they moved to

the United States, government officials contacted Jimenez-Valdivia's mother to ask about Petitioners' whereabouts. But the IJ found this testimony unreliable because Jimenez-Valdivia's mother did not testify or submit a statement to the court, and Petitioners did not challenge this finding on appeal to the BIA. Petitioner also highlights government authorities' arrest and abuse of his childhood friend as an example of the harms suffered by vocal opponents of the government. But substantial evidence supports the agency's conclusion that Petitioner is not similarly situated to his friend because, unlike his friend, Petitioner did not join opposition groups, attend protests, or otherwise publicly oppose the government. Additionally, Petitioners testified that they lived safely in Nicaragua for three years following Quant-Zepeda's resignation from his teaching position and that his wife's mother continues to live there safely despite her public opposition to the government. *See Sharma*, 9 F.4th at 1066 (family members' ongoing safety in home country undermined well-founded fear of persecution).

2. <u>Withholding of removal claim:</u> Eligibility for withholding of removal requires a petitioner to demonstrate a "clear probability" of persecution, meaning it is "more likely than not that he or she would" experience persecution in the absence of relief. *Silva v. Garland*, 993 F.3d 705, 719 (9th Cir. 2021), *abrogated on other grounds by Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), *as recognized in Lopez v. Garland*, 116 F.4th 1032, 1039 (9th Cir. 2024). "The 'more likely than

not' standard for withholding of removal is more stringent than the 'reasonable possibility' standard for asylum, and therefore an applicant who is unable to show a 'reasonable possibility' of future persecution necessarily fails to satisfy the more stringent standard for withholding of removal." *Id.* (citation modified). Because Petitioners' asylum claim fails, their withholding of removal claim necessarily fails, too.

3. <u>CAT claim:</u> "The same 'more likely than not' standard applies to CAT protection as it does to withholding of removal; however, for CAT protection, the harm feared must meet the definition of torture." *Tamang v. Holder*, 598 F.3d 1083, 1095 (9th Cir. 2010); *see also Hussain v. Rosen*, 985 F.3d 634, 649 (9th Cir. 2021). And the "concept [of torture] is more severe than persecution." *Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018) (internal quotation marks omitted). Because the record evidence does not compel a finding that Petitioners face a clear probability of persecution, that same evidence does not compel a finding that they are more likely than not to experience torture if removed.

**PETITION DENIED**.[2]

---

[2] The Motion to Stay Removal (Dkt. No. 2) is denied.